Sarah M. Shekhter, Esq. (278212)
Dakota Hickingbottom, Esq. (SBN 339789)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
E-Mail: shekhter@scmv.com;
         hickingbottom@scmv.com

Attorneys for Plaintiff Safchild Investments, LLC,
a California limited liability company

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Safchild Investments, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Academi Real Estate Holdings, LLC, a North Carolina limited liability company; Academi Training Center, Inc., a Delaware corporation; Constellis Holding, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:26-cv-02506-H-JAC <br><br> **PLAINTIFF SAFCHILD INVESTMENTS LLC'S OPPOSITION TO DEFENDANT CONSTELLIS HOLDINGS, LLC'S MOTION TO DISMISS** <br><br> Judge:  Hon. Marilyn L. Huff <br><br> Hearing Date:  June 15, 2026 <br> Hearing Time:  10:30 a.m. <br> Courtroom:  12A |

## I.    INTRODUCTION

In 2017, Plaintiff Safchild Investments, LLC ("Plaintiff") agreed to extend the commercial lease that Academi Real Estate Holdings, LLC ("Academi RE"), a wholly owned subsidiary of Constellis Holdings, LLC ("Constellis"), had occupied for a decade. A condition of that extension was Constellis' guaranty of the lease. That condition is memorialized in the Fourth Amendment to Lease in plain, mandatory terms: Constellis "*shall guarantee* all terms of the Lease, including on time payments of rent and operating expenses." Complaint, ¶ 14, Ex. E (emphasis added). Academi and Constellis accepted the benefit of the extended tenancy and now seek to avoid the obligation they agreed to bear in exchange.

Constellis' underlying Motion to Dismiss rests on two arguments. First, it contends that because it did not sign the Fourth Amendment, it cannot be bound by its terms. Second, it argues that the Fourth Amendment does not itself create an enforceable guaranty, but merely contemplates a separate instrument that was never executed. Both arguments fail. Academi RE executed the Fourth Amendment as Constellis' agent and within the scope of its authority to do so. Additionally, the Fourth Amendment's mandatory language creates an enforceable guaranty obligation on its own terms. To the extent a separate confirming document was required, Constellis had the duty to provide it and cannot now use its own failure to do so as a defense. At minimum, these are fact-intensive questions that cannot be resolved on a motion to dismiss. Accordingly, Constellis' Motion to Dismiss should be denied.

## II.   FACTUAL BACKGROUND

This dispute arises from a commercial lease for property located at 7685 Siempre Viva Road, San Diego, California 92154 (the "Premises"). On July 2, 2007, Plaintiff, as lessor, entered into a lease agreement with E & J Holdings, LLC, as lessee (the "Original Lease"). ECF No. 1 ("Complaint"), ¶ 9, Ex. A. E & J Holdings, LLC was later renamed Academi Real Estate Holdings, LLC ("Academi RE"). *Id.*, ¶ 12. The Original Lease was accompanied by a Guaranty of Lease executed by Blackwater Lodge and Training Center, Inc. and Subsidiaries Blackwater U.S.A., an entity that subsequently changed its name to U.S. Training Center, Inc., and later to Academi Training Center, Inc. *Id.*

Over the course of the tenancy, the Original Lease was amended five times, four of which extended the lease term. *Id.*, ¶¶ 11–15, Exs. B–F. The Original Lease and all five amendments are collectively referred to as the "Lease."

The Fourth Amendment to Lease ("Fourth Amendment"), dated November 17, 2017, extended the Lease term to December 31, 2024. *Id.*, ¶ 14, Ex. E. Paragraph H of the Fourth Amendment is central to this dispute. It expressly provides that "[Academi RE's] parent corporation, [Constellis] shall guarantee all terms of the Lease, including on time payments of rent and operating expenses" and that a "Performance Guarantee will

PLAINTIFF SAFCHILD INVESTMENTS LLC'S OPPOSITION TO DEFENDANT CONSTELLIS HOLDINGS, LLC'S MOTION TO DISMISS

be provided by the parent company that stipulates compliance with all terms of the Lease . . . ." (*Id.*)

The Fifth Amendment, dated August 23, 2024, further extended the Lease through June 30, 2025. *Id.*, ¶ 15, Ex. F. Upon expiration of the Lease, Academi RE vacated the Premises. *Id.*, ¶ 17. Plaintiff thereafter inspected the Premises and discovered that Academi RE had failed to properly maintain or repair major building systems including the parking lot, roof, and HVAC systems, as required by the Lease. *Id.* Plaintiff also contends Academi RE performed unauthorized subsurface work in violation of the Lease. *Id.*, ¶¶ 29–30. Academi RE failed and refused, despite Plaintiff's demands, to compensate Plaintiff for those damages. *Id.*, ¶ 33.

Accordingly, on January 9, 2026, Plaintiff filed this action asserting: (1) breach of lease against Academi RE; and (2) breach of guaranty against Academi Training Center, Inc. and Constellis. *See* Complaint.

### III.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this requirement, the complaint must be supported by factual allegations, but a complaint need contain "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009).

The plausibility standard is not akin to a probability requirement. . . ." *Iqbal*, 556 U.S. at 662 (2009). The standard does not demand "heightened fact pleading of specifics" or "detailed factual allegations." *Twombly*, 550 U.S. at 548, 570; *Iqbal*, 556 U.S. at 678. Rather, as the Ninth Circuit has explained, a plaintiff need only plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 548; *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

PLAINTIFF SAFCHILD INVESTMENTS LLC'S OPPOSITION TO DEFENDANT CONSTELLIS HOLDINGS, LLC'S MOTION TO DISMISS

749, 789 (9th Cir. 2013); *see also Iqbal*, 556 U.S. at 678 ("the pleading standard Rule 8 announces does not require detailed factual allegations").

Moreover, on a motion to dismiss for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *See* Fed. R. Civ. P. 12(b)(6); *Wyler Summit Pshp. v. Turner Broad. Sys.*, 135 F.3d 658, 659 (9th Cir. 1998); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a judge must accept as true all of the factual allegations contained in the complaint."); *Iqbal*, 556 U.S. at 664 ("When there are well-pleaded factual allegations, a court should assume their veracity . . . ."). After accepting as true plaintiff's allegations and drawing all reasonable inferences in its favor, a court must then determine whether the complaint alleges a plausible claim for relief. *See lqbal*, 556 U.S. at 679; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Further, where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996).

## IV.    ARGUMENT

### A.    Constellis Is Bound by the Fourth Amendment Under Well-Established Agency Principles.

Constellis argues that it cannot be bound by the Fourth Amendment because it was not a signatory. That argument ignores settled principles of agency law, a principal is bound by any contract its agent executes within the scope of the agent's authority, whether or not the principal's signature appears on the document. *Meyer v. Glenmoor Homes, Inc.*, 246 Cal. App. 2d 242, 256 n.2 (1966); *RSB Vineyards, LLC v. Orsi*, 15 Cal. App. 5th 1089, 1099 (2017); *Ernst v. Searle*, 218 Cal. 233, 238 (1933).[1]

---

[1] The Lease is governed by California law, as the Premises are located in California. *See* Complaint, Ex. A at 14, ¶ 29 ("This Lease shall be binding upon the Parties . . . and be

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Academi RE is Constellis' wholly owned subsidiary, and the agency relationship is evidenced by the very terms of the Fourth Amendment. *See* Complaint, ¶ 14, Ex. E. The Fourth Amendment identifies Constellis as Academi RE's parent corporation, and imposes a mandatory obligation on Constellis to guarantee the Lease. *Id*. In executing this document, Academi RE was not acting alone; it was acting as the representative of its parent company to secure a specific commercial benefit.

The reality of this agency relationship is further confirmed by the identity of the individual who physically executed the agreement on behalf of Academi RE, Katherine F. McKenzie. *See id*. The signature block identifies Ms. McKenzie as Assistant Secretary and Senior Counsel and lists her email address as kmckenzie@constellis.com. *Id*. By using her @contellis.com email address to facilitate the execution of a document that named her own employer as a guarantor, imposing a binding, mandatory obligation upon it, Ms. McKenzie acted as the bridge between the two entities. *Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 862 (2019).

Under these facts, Constellis cannot plausibly claim ignorance of, or detachment from, obligations undertaken in its name by its own personnel. California law permits the equitable enforcement of such agreements against non-signatories when there is a clear link between the causes of action and the non-signatory's agency relationship to a signatory. *Id*. at 864.

Because the Fourth Amendment was carried out by Constellis' subsidiary through Constellis' own personnel, Plaintiff has more than adequately alleged that Academi RE had the authority to bind Constellis to the guaranty obligations.

**B.** **The Scope of Academi RE's Agency Is a Factual Question Unsuitable for Resolution at the Pleading Stage.**

Whether Academi RE acted within the scope of its authority as Constellis' agent is inherently a factual inquiry that cannot be resolved on a motion to dismiss. An agent's

governed by the laws of the State in which the Premises are located.").

5

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

authority may be implied from the circumstances of a particular case and proved through circumstantial evidence. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 479–80 (9th Cir. 2000) ("An agent's authority may be implied from the circumstances of a particular case and may be proved by circumstantial evidence . . . [U]nless only one conclusion may be drawn, existence of an agency and the extent of an agent's authority is a question of fact and should not be decided on summary judgment."); *Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638, 644 (1964).

In this case, determining the scope of Academi RE's authority turns on the nature of the parent-subsidiary relationship, the parties' course of dealings, and the specific circumstances of the negotiation, which require discovery to develop. At this stage, Plaintiff need only allege enough facts to raise a reasonable expectation that discovery will confirm the agency relationship. (*Twombly*, 550 U.S. at 548.) Plaintiff has met this burden. The Fourth Amendment expressly names Constellis as the guarantor parent, and a Constellis employee executed the document on Academi RE's behalf. These entities are sufficiently intertwined that an inference of agency is not only plausible but compelling.

Constellis' reliance on the four corners of the Fourth Amendment to defeat the agency theory is misplaced. The document confirms, not undermines, the inference that Academi RE was acting on Constellis' behalf: the Fourth Amendment explicitly names Constellis, describes its specific role, and purports to impose a mandatory obligation upon it. Because the face of the agreement supports the inference that Academi RE was acting on Constellis' behalf, the Court should decline Constellis' invitation to resolve this factual dispute prematurely.

**C.** **The Fourth Amendment Constitutes a Valid and Enforceable Guaranty and Constellis Cannot Escape Liability by Pointing to a Document It Was Obligated to Execute but Never Did.**

Constellis' second argument is that the Fourth Amendment does not constitute a guaranty, it merely contemplates a future guaranty instrument that was never prepared. This argument fails on two independent grounds: the language of the Fourth Amendment

PLAINTIFF SAFCHILD INVESTMENTS LLC'S OPPOSITION TO DEFENDANT CONSTELLIS HOLDINGS, LLC'S MOTION TO DISMISS

is itself a present, enforceable guaranty obligation; and to the extent a separate document was required, Constellis cannot benefit from its own failure to execute it.

### a. "Shall Guarantee" is a Present Obligation, Not an Agreement to Agree

Paragraph H of the Fourth Amendment contains two sentences that must be read together and in harmony. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). The first sentence creates the obligation: Constellis "shall guarantee all terms of the Lease, including on time payments of rent and operating expenses." Complaint, ¶ 14, Ex. E. The second sentence describes how that obligation was to be formalized: a "Performance Guarantee will be provided by the parent company that stipulates compliance with all terms of the Lease." *Id*. Read together, the paragraph does exactly what contracting parties routinely do—it establishes a binding commitment and directs the obligor to execute a confirming document.

In Constellis' view, the second sentence swallows the first. Because a separate Performance Guarantee was contemplated, no obligation exists until that document is signed. That reading renders the first sentence a nullity. Under California law, a court must avoid any interpretation that renders a contractual provision meaningless or superfluous. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 473 (1998). Constellis' interpretation does exactly that, it converts the mandatory "shall guarantee" into a condition precedent that can be defeated simply by never executing the follow-on document.

The word "shall" in a contract is mandatory obligation. *Morin v. Aba Recovery Serv.*, 195 Cal. App. 3d 200, 205 (1987) ("Generally the word 'shall' connotes a mandatory obligation."); *Hogya v. Superior Court*, 75 Cal. App. 3d 122, 133 (1977) ("The word 'shall' is ordinarily used in laws, regulations, or directives to express what is mandatory . . . 'May,' on the other hand, is usually permissive."). The first sentence of Paragraph H imposed a present, binding obligation on Constellis at the moment the Fourth

7

Amendment was executed. The second sentence obligated Constellis to memorialize that commitment in a Performance Guarantee. Constellis' failure to do so breached the second obligation. It did not extinguish the first.

Importantly, a guaranty need not take any particular form. What matters is that the guarantor's intent to answer for another's obligation is clearly expressed. *See Superior Wholesale Elec. Co. v. Cameron*, 264 Cal. App. 2d 488, 493 (1968) ("No particular form of agreement is required to establish a suretyship contract. So long as the agreement establishes the intention to create such a contract, no set words and form are required."); *Ingalls v. Bell*, 43 Cal. App. 2d 356, 366 (1941) ("As long as the agreement established the intention of creating a contract of guaranty, no set words and form were required."). That intent is unambiguous here. The Fourth Amendment constitutes a self-executing and enforceable guaranty. Constellis' failure to provide a secondary "confirming" document is a mere formality that does not diminish its existing legal obligations.

### b. Constellis Cannot Use Its Own Failure to Execute the Required Guaranty as a Valid Defense

Even accepting Constellis' reading that the Fourth Amendment required a separately executed guaranty instrument, the absence of that document is not a defense. Rather, it is evidence of Constellis' own breach. The Fourth Amendment expressly obligated Constellis to provide a Performance Guarantee. Constellis never did. It now invites the Court to reward that inaction by dismissing the claim the guaranty obligation was meant to secure.

California law does not permit a party to manufacture a defense out of its own failure to perform. *Nelson v. Reisner*, 51 Cal. 2d 161, 171 (1958) ("A party to a contract cannot take advantage of his own act or omission to escape liability thereon. Where a party to a contract prevents the fulfillment of a condition or its performance by the adverse party, he cannot rely on such condition to defeat his liability."). If Constellis had executed the required Performance Guarantee, there would be no dispute about its obligations. That Constellis failed to do so, in direct violation of the Fourth Amendment, does not

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

8

extinguish those obligations. Dismissing the breach of guaranty claim on this basis would leave Plaintiff without recourse for a guaranty obligation the parties plainly bargained for and expressly memorialized in the Fourth Amendment.

### D.    If the Court Finds any Deficiency, Leave to Amend Should Be Granted.

Should the Court find any deficiency in Plaintiff's pleading, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (Leave may be denied only where amendment would be futile—that is, where the complaint "could not possibly cure the deficiency.").

Amendment here is not futile. This action is in its earliest stages. No scheduling order has been entered and no discovery has taken place. Discovery will bear directly on the questions raised herein, including the scope of the agency relationship between Academi RE and Constellis, the circumstances surrounding the Fourth Amendment negotiation, and any communications reflecting Constellis' guaranty commitment. If the Court finds the current allegations insufficient, Plaintiff should be permitted to supplement. Dismissal with prejudice at this stage would be inconsistent with Rule 15's liberal amendment policy and the interests of justice.

### V.    CONCLUSION

For the foregoing reasons, the Court should deny Constellis' Motion to Dismiss. Constellis received the benefit of a lease extension conditioned on its guaranty of performance. That guaranty is memorialized in plain, mandatory terms in the Fourth Amendment, which was executed by Constellis' own subsidiary acting on its behalf. Constellis' attempt to avoid liability by pointing to its own failure to execute a confirming document is precisely the kind of conduct California law does not permit. Plaintiff has stated a plausible claim for breach of guaranty, and the factual questions Constellis raises are properly resolved through discovery, not on the pleadings. Should the Court find any deficiency, leave to amend should be granted.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

Dated: June 1, 2026

SELTZER CAPLAN McMAHON VITEK
A Law Corporation

By:  _____
     Sarah M. Shekhter
     Dakota Hickingbottom

Attorneys for Plaintiff Safchild Investments, LLC, a California limited liability company

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

PLAINTIFF SAFCHILD INVESTMENTS LLC'S OPPOSITION TO DEFENDANT CONSTELLIS HOLDINGS, LLC'S MOTION TO DISMISS