ALEX G. BRIZOLIS (SBN 259634)
abrizolis@glaserweil.com
ALLYSON N. WERNER (SBN 342164)
awerner@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendants
ACADEMI Real Estate Holdings, LLC,
ACADEMI Training Center, LLC and
Constellis Holdings, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Safchild Investments, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMI Real Estate Holdings, LLC, a North Carolina limited liability company; ACADEMI Training Center, Inc., a Delaware corporation; Constellis Holdings, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-02506-H-BLM<br><br>Hon. Marilyn L. Huff<br><br>**DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date:  June 15, 2026<br>Hearing Time:  10:30 a.m.<br>Courtroom:  12A |

Glaser
Weil

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................5

II.   ARGUMENT ..............................................................................6

    A.    Plaintiff Has Failed to Allege That Constellis is Bound by the Fourth Amendment Under Agency Principles.........................................6

        1.    Plaintiff did not plead an agency theory in its Complaint..........6

        2.    The Court cannot plausibly infer agency from the plain language of the Fourth Amendment to Lease............................7

    B.    As Alleged, the Fourth Amendment to Lease Does Not Constitute a Valid, Enforceable Guaranty, and Plaintiff Cannot Avoid its Failure as Landlord to Properly Document the Commercial Lease in Violation of the Statute of Frauds.......................................10

    C.    The Court Should Not Grant Plaintiff Leave to Amend. ...................13

III.  CONCLUSION .........................................................................13

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page

**CASES**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................ 7

*Carson v. Mercury Ins. Co.*,
210 Cal. App. 4th 409 (2012) ............................................................................... 11

*Chenoweth v. Chambers*,
33 Cal. App. 104 (1917) ....................................................................................... 12

*Cohen v. TNP 2008 Participating Notes Program, LLC*,
31 Cal. App. 5th 840 (2019) ............................................................................... 5, 9

*Gerritsen v. Warner Bros. Ent. Inc.*,
116 F. Supp. 3d 1104 (C.D. Cal. 2015) .................................................................. 7

*Hsu v. UBS Financial Services., Inc.*,
No. C 11-02076 WHA, 2011 WL 3443942 (N.D. Cal. Aug. 5, 2011),
*aff'd*, 507 F. App'x 716 (9th Cir. 2013),
*aff'd*, No. 19-15756, 2019 WL 5190913 (9th Cir. Aug. 1, 2019) .......................... 10

*IGOLF, Inc. v. Bushnell Holdings, Inc.*,
No. 3:23-cv-01595-L-DTF, 2025 WL 875913 (S.D. Cal. Mar. 4, 2025) ............... 10

*Lincoln v. Daylight Chem.*,
CASE NO. SACV 10-1573 AG (PLAx), 2011 WL 13225067 (C.D. Cal. Feb. 14, 2011) ............................................................................................................... 10

*Lucero v. Cnty. of Orange*,
536 F. Supp. 3d 628 (C.D. Cal. 2021) ................................................................... 13

*Nelson v. Reisner*,
51 Cal.2d 161 (1958) ........................................................................................ 12, 13

*Northern Natural Gas Co. v. Superior Court*,
64 Cal.App.3d 983 (1976) .................................................................................... 5, 9

*Quantum Corp. v. Riverbed Tech., Inc.*,
No. C 07-04161WHA, 2008 WL 314490 (N.D. Cal. Feb. 4, 2008) ........................ 8

*Schertzer v. Bank of Am.*,
NA, 109 F.4th 1200 (9th Cir. 2024) ...................................................................... 11

*Strasner v. Touchstone Wireless Repair & Logistics, LP*,
5 Cal. App. 5th 215 (2016) ..................................................................................... 9

*Unruh v. Smith*,
123 Cal.App.2d 431 (1954) .................................................................................... 13

Glaser Weil

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**STATUTES**

Cal. Civ. Code § 1624(a)(2) ........................................................................ 12

Cal. Civ. Code § 1641 ................................................................................. 12

Cal. Civ. Code § 3532 ................................................................................. 11

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

## I.    __INTRODUCTION__

In its Opposition to Constellis Holdings, LLC's ("Constellis") Motion to Dismiss ("Mot."), Plaintiff Safchild Investments, LLC ("Plaintiff") attempts to bind Constellis to an alleged guaranty that does not exist. Conceding the obvious—that Constellis is neither a party nor a signatory to any written guaranty—Plaintiff relies on a number of machinated theories in an attempt to hold Constellis liable, none of which hold water.

*First*, Plaintiff claims Constellis is bound by the Fourth Amendment to Lease under purportedly "well-established" agency principles because Lessee ACADEMI Real Estate Holdings, LLC ("ACADEMI RE") acted as Constellis' agent when ACADEMI RE executed that instrument. (*See* ECF No. 9 ["Opp."] at 4-5.)  Plaintiff also argues the scope of ACADEMI RE's agency is a factual question unsuitable for resolution at the pleading stage. (*Id.* at 5-6.)  However, both arguments fail because Plaintiff failed to plead any agency theory in its Complaint.  Indeed, the words "agent" or "agency" do not appear anywhere in the Complaint, and the Court cannot plausibly infer agency from the plain language of the Fourth Amendment to Lease attached as an exhibit thereto. (*See generally* ECF No. 1-2 ["Compl."].)  Further, as a matter of law, "a parent company is not liable on a contract signed by its subsidiary 'simply because it is a wholly owned subsidiary.'" *Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 862–63 (2019)[1] (quoting *Northern Natural Gas Co. v. Superior Court*, 64 Cal.App.3d 983, 991 (1976)).

*Second*, contrary to Plaintiff's assertions, the plain language of the Fourth Amendment to Lease ***does not*** constitute a standalone, valid, and enforceable guaranty. Rather, the Fourth Amendment to Lease specifically contemplates the execution of a separate guaranty, which Plaintiff has failed to allege exists because there is no such

---

[1] Plaintiff cites this case in support of its position but fails to acknowledge this general rule or apply the detailed, nuanced analysis contained therein.  Plaintiff also fails to cite any district court cases applying the federal pleading standard and addressing the sufficiency of allegations at the motion to dismiss stage.

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

document.  Plaintiff cannot avoid its failure as landlord to properly document the lease terms by reading a guaranty into the Fourth Amendment to which Constellis is not even a party.

In sum, Constellis never guaranteed the Lease, Plaintiff's allegations in its Complaint to the contrary fall woefully short, and Constellis should be dismissed from this action as a result.

## II.   ARGUMENT

### A.   Plaintiff Has Failed to Allege That Constellis is Bound by the Fourth Amendment Under Agency Principles

Plaintiff argues that ACADEMI RE acted as Constellis' agent/representative when it executed the Fourth Amendment to Lease.  (Opp. at 5.)  Plaintiff contends that the agency relationship is apparent because the Fourth Amendment to Lease identifies Constellis as ACADEMI RE's parent corporation and because Katherine F. McKenzie (the person who signed on ACADEMI RE's behalf) has a Constellis e-mail address. (*Id.*)  Relatedly, Plaintiff asserts that whether ACADEMI RE acted within the scope of its authority as Constellis' agent is a factual question that cannot be resolved on a motion to dismiss because an agent's authority is implied from the circumstances of a particular case and proved through circumstantial evidence.  (*Id.* at 5-6.)  As set forth below, Plaintiff's arguments fail because (1) Plaintiff did not plead an agency theory in its Complaint; and (2) the Court cannot plausibly infer agency from the plain language of the Fourth Amendment to Lease.

#### 1.   Plaintiff did not plead an agency theory in its Complaint

As a preliminary matter, Plaintiff completely fails to allege an agency theory in its Complaint in any capacity.  Indeed, the words "agent" or "agency" do not appear anywhere in the Complaint.  (*See generally* Compl.)  Plaintiff merely alleges that "in the Fourth Amendment to Lease, [ACADEMI RE's] parent corporation, [Constellis,] guaranteed all terms of the Original Lease, including the subsequent amendments." (*Id.* ¶ 14.)  Nowhere does Plaintiff claim that ACADEMI RE served as a Constellis'

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

agent, its intermediary, or that it acted on Constellis' behalf.  Plaintiff cannot belatedly claim as much now. *See Gerritsen v. Warner Bros. Ent. Inc.,* 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) ("As courts routinely recognize, it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss.").

### 2.    The Court cannot plausibly infer agency from the plain language of the Fourth Amendment to Lease

In the absence of direct agency allegations, Plaintiff relies on the Fourth Amendment to Lease, attached to the Complaint as Exhibit E, to argue an agency theory.  Plaintiff asserts that ACADEMI RE, through Ms. McKenzie, executed the Fourth Amendment to Lease, and the alleged guaranty contained therein, as Constellis' agent.  Plaintiff reasons that the Fourth Amendment specifically identified Constellis as ACADEMI RE's parent corporation and that Ms. McKenzie has a Constellis email address.  (Opp. at 5.)  In other words, Plaintiff suggests that a single signature, placed on a single signature block, served two purposes: (1) to bind ACADEMI RE to the Fourth Amendment to Lease extending the lease term; and (2) to bind Constellis to the alleged guaranty contained therein.  However, as set forth below, these allegations are implausible and simply do not meet the federal pleading standard.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding a complaint must contain "enough facts to state a claim to relief that is plausible on its face.").

*First*, the plain language of the Fourth Amendment states that it is by and between Plaintiff and ACADEMI RE.  (*See* Compl. ¶ 14, Ex. E at 1 ["THIS AMENDMENT TO LEASE is made and entered into as of November 17, 2017 by and between [Plaintiff] and [ACADEMI RE]."].)  Further, the signature block clearly shows that Ms. McKenzie executed the Fourth Amendment to Lease on behalf of Lessee ACADEMI RE, not Constellis:

Glaser Weil

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

By Lessee:
ACADEMI Real Estate Holdings, LLC

By: *Katherine F. McKenzie*
Name Printed: KATHERINE F. McKENZIE
Title: ASST. SEC. / SR. COUNSEL
Phone: 252-435-1868
Fax: —
Email: KmcKenzie @ constellis.com

(Compl. ¶ 14, Ex. E at 2.)  To claim that Ms. McKenzie executed the Fourth Amendment to Lease on behalf of both Constellis and ACADEMI RE is disingenuous in light of the highlighted language above.  Indeed, at least one federal district court in California has rejected such a theory at the motion to dismiss stage.  *See Quantum Corp. v. Riverbed Tech., Inc.*, No. C 07-04161WHA, 2008 WL 314490, at *4 (N.D. Cal. Feb. 4, 2008) ("The decisive fact is that no signature for [party 1] was on the August 2007 agreement. Even if the signor for [party 2] was also an officer of [party 1] and could have also signed for [party 1], there was no such signature block on the signature page. Only [party 2] purported to sign.  . . .  For the foregoing reasons, defendant's motion to dismiss is **GRANTED**.") (emphasis in original).  This Court should follow suit and find that Ms. McKenzie's signature does not serve Plaintiff's preferred dual purpose.

*Second*, the plain language of the Fourth Amendment to Lease contemplates the execution of a separate guaranty by Constellis, further undermining Plaintiff's theory that ACADEMI RE and Ms. McKenzie executed the Fourth Amendment to Lease on behalf of Constellis as its agent.  Indeed, the Fourth Amendment provides that "Constellis Holding, LLC [sic] ***shall guarantee*** all terms of the Lease" and that a "Performance Guaranty ***will be provided***" by Constellis. (*Id.* ¶ 14, Ex. E at 2 (emphasis added).) Notably, this provision also incorporates paragraph 37 of the Lease, which provides that "[t]he Guarantors, if any, shall execute a guaranty in the form most recently published by the AIR Commercial Real Estate Association . . . ." (*Id.* ¶ 9, Ex. A at 15, ¶ 37.1.)  Thus, the plain language of the Fourth Amendment contemplates the execution of a separate guaranty—either a Performance Guarantee and/or an AIR

Glaser Weil

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Commercial Real Estate Association Guaranty—and Plaintiff cannot genuinely claim (nor does it attempt to claim) that the Fourth Amendment itself qualifies as either.

*Third*, Plaintiff's primary authority, *Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840 (2019), is readily distinguishable. *Cohen* concerned the ability of a subsidiary company to bind its parent company to an arbitration agreement, not a guaranty. *See Cohen*, 31 Cal. App. 5th at 861. Unlike arbitration agreements, there is no overarching "strong public policy" in favor of guaranties guiding the Court's analysis. *See id.* at 858 (quotation omitted). Further, *Cohen* made clear that "[i]n general, a parent company is not liable on a contract signed by its subsidiary 'simply because it is a wholly owned subsidiary.'" *Id.* at 861-62 (quoting *Northern Natural Gas Co.*, 64 Cal.App.3d at 991). While *Cohen* recognized a narrow exception to this general rule in the context of arbitration agreements, that exception is clearly inapplicable here. Additionally, the agency doctrine may only "bind a parent to the contracts of its subsidiary where, in addition to owning the subsidiary, the parent company exercises 'sufficient control over the [subsidiary's] activities' such that the subsidiary becomes a 'mere agen[t] or 'instrumentality' of the parent.'" *Id.* at 862 (citations omitted). "Normal characteristics of ownership, such as some degree of direction and oversight, interlocking directors and officers, a close financial connection, consolidated reporting, and shared professional services are insufficient to establish an agency relationship. Likewise, evidence of co-branding or the broad use of terms linking the corporations together in SEC filings, or other materials, do not establish control rising to the level of an agency relationship." *Strasner v. Touchstone Wireless Repair & Logistics, LP*, 5 Cal. App. 5th 215, 225 (2016) (citations omitted). Plaintiff has not alleged any such pervasive control here (*see generally* Compl.), nor could it.

*Finally*, Plaintiff fails to cite a single federal case in which a district court found that a plaintiff had adequately alleged an agency theory under circumstances similar to those here. In contrast, Constellis has cited numerous cases—unrebutted by Plaintiff in

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

its Opposition—in which California district courts, at the motion to dismiss stage, declined to bind parties to contracts they did not sign.  *See IGOLF, Inc. v. Bushnell Holdings, Inc.*, No. 3:23-cv-01595-L-DTF, 2025 WL 875913, at *2 (S.D. Cal. Mar. 4, 2025) ("A review of each contract confirms that [the defendant] is not a party to any of the contracts. . . . Accordingly, the Court does not accept as true Plaintiff's allegations that [the defendant] is a party to the contracts."); *Hsu v. UBS Financial Services., Inc.*, No. C 11-02076 WHA, 2011 WL 3443942, at *6 (N.D. Cal. Aug. 5, 2011), *aff'd*, 507 F. App'x 716 (9th Cir. 2013), *aff'd*, No. 19-15756, 2019 WL 5190913 (9th Cir. Aug. 1, 2019) ("The contract . . . , which [is] appended as [an] exhibit[] to the complaint and [is] referenced and quoted throughout, [is] appropriately considered by this order. A district court may dismiss a claim based on plaintiff's asserted ***interpretation*** of a contract if the unambiguous plain meaning of its terms clearly do not support that interpretation.") (emphasis added); *Lincoln v. Daylight Chem.*, CASE NO. SACV 10-1573 AG (PLAx), 2011 WL 13225067, at *6 (C.D. Cal. Feb. 14, 2011) (finding the documents attached to the plaintiff's first amended complaint, including an unsigned contract, were insufficient to establish the existence of a contract).

Accordingly, Plaintiff's agency theory fails; Plaintiff's second cause of action against Constellis should be dismissed.

**B.      As Alleged, the Fourth Amendment to Lease Does Not Constitute a Valid, Enforceable Guaranty, and Plaintiff Cannot Avoid its Failure as Landlord to Properly Document the Commercial Lease in Violation of the Statute of Frauds**

In its Opposition, Plaintiff argues (1) that the Fourth Amendment to Lease is itself a present, enforceable guaranty obligation; and (2) that, to the extent a separate document was required, Constellis, not Plaintiff, breached the Fourth Amendment to Lease by failing to execute it.  (Opp. at 6-9.)  Specifically, Plaintiff claims the language, "Constellis 'shall guarantee all terms of the Lease . . .' establishes a binding commitment" on Constellis."  (*Id.* at 7.)  Plaintiff then asserts that the second sentence

of the provision, which states that a "Performance Guarantee will be provided by" Constellis merely directs Constellis to execute a "confirming document." (*Id.*) Plaintiff concludes that Constellis' supposed failure to execute a Performance Guarantee is a breach of the Fourth Amendment to Lease and that Constellis cannot use its own failure as a defense. (*Id.* at 8-9.) Both arguments fail.

*First*, the fundamental, underlying assumption of both arguments is that Constellis is a party to the Fourth Amendment to Lease, which, as set forth in detail above, it is not. Neither Constellis nor its purported agent signed the Fourth Amendment to Lease on behalf of Constellis; Constellis therefore cannot be bound by its terms. (*See* Section II.A., *supra*.)

*Second*, as explained in Constellis' Motion, Plaintiff wholesale ignores the Lease requirement that any guarantor must execute an AIR Commercial Real Estate Association form guaranty. (Compl. ¶ 9, Ex. A at 15, ¶ 37.1; *see also* Mot. at 8.)

*Third*, Plaintiff's interpretation of the language of the alleged guaranty provision is implausible on its face. Plaintiff contends that the first sentence of the provision, which states that Constellis "shall guarantee" the Lease, establishes a binding, present obligation at the moment of execution. (Opp. at 7.) Plaintiff then contends the second sentence of the provision merely requests Constellis to execute a "confirming document." (*Id.*) But, if the first sentence established a binding, present obligation as Plaintiff suggests, a "confirming document" would be unnecessary. *See* Cal. Civ. Code § 3532 ("The law neither does nor requires idle acts."). Further, such an interpretation would render the second sentence superfluous, which is a result to be avoided. *See Schertzer v. Bank of Am.*, NA, 109 F.4th 1200, 1209 (9th Cir. 2024) ("'An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable.'") (quoting *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 420 (2012)).

*Third*, in reading the two sentences together, as required, the language "shall guarantee" is best read as the future tense rather than a command or necessity. *See*

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.").  While, in certain circumstances, the word "shall" may be read as a word of "command" or "necessity" rather than a simple future action, the term "must be read in connection with its context." *Chenoweth v. Chambers*, 33 Cal. App. 104, 110 (1917). When read in context with the second sentence of the provision, which states that a "Performance Guaranty will be provided" by Constellis, the language "shall guarantee" clearly contemplates a future event rather than a present command or necessity.  This is especially true given the fact that neither Constellis nor an agent on its behalf executed the Fourth Amendment to Lease, thus showing a separate guaranty document was needed if Constellis was going to guaranty any Lease obligations.

*Finally*, contrary to Plaintiff's assertion, it is not Constellis that seeks to benefit from its inaction; it is Plaintiff that seeks to avoid accountability for its failure as landlord to properly document the terms of its commercial lease and the related guaranty as required by the statute of frauds.  *See* Cal. Civ. Code § 1624(a)(2) ("A special promise to answer for the debt, default, or miscarriage of another" is "invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent[.]").  Notably, Plaintiff does not claim it ever provided Constellis with a separate guaranty to sign, as required by both the Fourth Amendment and the Lease.

Plaintiff's reliance on *Nelson v. Reisner*, 51 Cal.2d 161 (1958) is misplaced. As an initial matter, Constellis did not "prevent[] the fulfillment of a condition or its performance …" (Opp. At 6, citing *Nelson* at 171). As noted above, Plaintiff fails to allege Constellis was a party to any agreement requiring it to "perform," or that it took any affirmative action at all, much less that it actively prevented fulfillment of a condition or performance. *Nelson* also involved a case where the plaintiff landlord attacked a damages award in favor of the defendant/cross-complainant tenant claiming the award was based on conjecture and speculation. *Id.* at 170. In affirming the

damages award and a finding of breach, the appellate court noted that the landlord could not take issue with the tenant's damages calculations when it effectively prevented tenant from calculating those damages. *Id.* at 171 (citing *Unruh v. Smith*, 123 Cal.App.2d 431, 435, 436 (1954)). The issue in *Nelson* has nothing to do with the instant case and is of no help to Plaintiff here.

In light of the above, the Fourth Amendment to Lease does not constitute a binding guaranty as against Constellis (or anyone else). The Court should reject Plaintiff's attempt to rewrite the terms of the Fourth Amendment to Plaintiff's after-the-fact satisfaction.

**C.      The Court Should Not Grant Plaintiff Leave to Amend.**

The plain language of the Fourth Amendment to Lease contemplates a separate guaranty executed by Constellis. Notably, Plaintiff does not claim in its Opposition that any such writing exists. Instead, Plaintiff attempts to deflect by focusing on the procedural posture of this case—that it "is in its earliest stages" and that "no discovery has taken place." (Opp. at 9.) The Court should not be persuaded. Plaintiff has "failed to provide the Court with any facts or argument indicating that relief is plausible." *Lucero v. Cnty. of Orange*, 536 F. Supp. 3d 628, 634 (C.D. Cal. 2021) (dismissing complaint without leave to amend). Leave to amend would be futile and should be denied.

**III.     CONCLUSION**

Based on the foregoing, Plaintiff's claims against Constellis for breach of guaranty should be dismissed.

DATED: June 8, 2026

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: */s/Alex G. Brizolis*
   ALEX G. BRIZOLIS
   ALLYSON N. WERNER
   Attorneys for Defendants
   ACADEMI Real Estate Holdings, LLC,
   ACADEMI Training Center, LLC and
   Constellis Holdings, LLC

DEFENDANT CONSTELLIS HOLDINGS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS