UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Safchild Investment, LLC, a California limited liability company, | Case No.: 26-cv-02506-H-JAC |
| Plaintiff, | **ORDER DENYING DEFENDANT CONSTELLIS' MOTION TO DISMISS** |
| v. | |
| Academi Real Estate Holdings, LLC, a North Carolina limited liability company; Academi Training Center, Inc., a Delaware corporation; Constellis Holding, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | [Doc. No. 5.] |
| Defendants. | |

On April 27, 2026, Defendant Constellis Holdings, LLC ("Constellis") filed a motion to dismiss Plaintiff Safchild Investments, LLC's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. (Doc. No. 5-1.) On June 1, 2026, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 9.) On June 8, 2026, Constellis filed its reply. (Doc. No. 12.) On June 12, 2026, the Court took the matter under submission. (Doc. No. 13.) For the reasons below, the Court denies Defendant Constellis' motion to dismiss.

1

**<u>Background</u>**

The following factual background is taken from the allegations in Plaintiff's complaint.

On July 2, 2007, Plaintiff, as lessor, entered a standard commercial single-tenant lease ("Original Lease") with E & J Holdings, LLC, as lessee.  (Doc. No. 1-2, Compl. ¶ 9.) The Original Lease leased premises located at 7685 Siempre Viva Road, San Diego, California 92154 ("Premises") from August 16, 2007 to August 31, 2010.  (<u>Id.</u> ¶¶ 9-10.) Blackwater Lodge and Training Center, Inc. and Subsidiaries Blackwater U.S.A. executed a guaranty of the Original Lease.  (<u>Id.</u> ¶ 9.)

On December 29, 2009, Plaintiff and E & J Holdings, LLC executed the First Amendment to the Original Lease, extending the lease term to August 31, 2013.  (<u>Id.</u> ¶ 11.) U.S. Training Center, Inc., formerly Blackwater Lodge and Training Center, Inc., acknowledged its guaranty of the Original Lease and approved the First Amendment.  (<u>Id.</u>)

On February 2, 2012, Plaintiff and E & J Holdings, LLC executed the Second Amendment to the Original Lease, changing E & J Holdings, LLC's name to Academi Real Estate Holdings, LLC ("Academi RE") and U.S. Training Center, Inc.'s name to Academi Training Center, LLC ("Academi TC").  (<u>Id.</u> ¶ 12.)

On November 15, 2012, Plaintiff and Academi RE executed the Third Amendment to the Original Lease, extending the lease term to August 31, 2018.  (<u>Id.</u> ¶ 13.)

On November 17, 2017, Plaintiff and Academi RE executed the Fourth Amendment to the Original Lease, extending the lease term to December 31, 2024.  (<u>Id.</u> ¶ 14.)  Plaintiff asserts that Academi RE's parent corporation, Constellis Holdings, LLC ("Constellis"), guaranteed all terms of the Original Lease and subsequent amendments in this Fourth Amendment.  (<u>Id.</u>)

On August 23, 2024, Plaintiff and Academi RE executed the Fifth Amendment to the Original Lease, extending the lease term to June 30, 2025.  (<u>Id.</u> ¶ 15.)  On or before June 30, 2025, Academi RE surrendered possession of the Premises.  (<u>Id.</u> ¶ 16.)

26-cv-02506-H-JAC

Plaintiff asserts that the Original Lease, First Amendment, Second Amendment, Third Amendment, Fourth Amendment, and Fifth Amendment ("Lease") set out lessee and lessor maintenance obligations.  (Id. ¶ 15.)  Paragraph 7.1(a) of the Lease requires Academi RE to keep the Premises in good order, condition, and repair "including, but not limited to, all equipment or facilities, such as … HVAC equipment, … roofs, roof drainage systems, … driveways, parking lots, … sidewalks and parkways located in, on, or adjacent to the Premises."  (Id. ¶¶ 15, 25.)  Paragraph 7.2 of the Lease specifies Plaintiff has "no obligation, in any manner whatsoever, to repair and maintain the Premises, or the equipment therein, all of which obligations are intended to be that of the Lessee."  (Id. ¶¶ 15, 26.)  Paragraph 7.4 of the Lease provides "'[o]rdinary wear and tear' shall not include any damage or deterioration that would have been prevented by good maintenance practice."  (Id.)

Plaintiff alleges Academi RE failed to properly maintain the Premises and repair major building systems including the parking lot, roof, and HVAC systems as required by the Lease.  (Id. ¶ 17.)  Despite repeated requests, Academi RE also allegedly failed to provide documentation of any service contracts or maintenance records for the parking lot, roof, or HVAC systems as required by the Lease.  (Id. ¶ 27.)  As a result, Plaintiff asserts the Premises has suffered deterioration falling outside the scope of "ordinary wear and tear."  (Id. ¶ 28.)

Plaintiff's complaint alleges claims for: (1) breach of lease against Defendant Academi RE and (2) breach of guaranty against Defendants Academi TC and Constellis.  (Id. ¶¶ 31-40.)  Plaintiff asserts Academi RE failed to properly maintain the property as required by the Lease, and Academi TC and Constellis breached their guaranties by failing to pay Plaintiff damages for Academi RE's failure to properly maintain the property.  (Id. ¶¶ 33, 38.)

By the present motion, Defendant Constellis moves to dismiss Plaintiff's breach of guaranty claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Doc. No. 5-1 at 6, 14.)

**Discussion**

**I.    Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'"  Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v.

Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)).  But a court need not accept "legal conclusions" as true.  Iqbal, 556 U.S. at 678.  "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

A court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice.  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).   Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

## II.    Analysis

Constellis moves to dismiss Plaintiff's breach of guaranty claim, arguing Plaintiff failed to sufficiently plead that Constellis guaranteed the Lease.  (Doc. No. 5-1 at 10.) Constellis asserts Plaintiff has not adequately alleged the existence of a valid, written, and signed contract between Plaintiff and Constellis.  (Id. at 11.)  The parties do not dispute that the Lease is governed by California law.  (See Doc. No. 1-2, Compl., Ex. A at 27; Doc. No. 5-1 at 10 n.1.)

Under California law, a plaintiff asserting a breach of contract claim must establish: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages.  McDonald v. John P. Scripps Newspaper, 210 Cal. App. 3d 100 (1989).  A claim for a breach of guaranty is treated like a claim for breach of contract.  See Gerritsen v. Warner Bros. Ent. Inc., 116 F. Supp. 3d 1104, 1123 (C.D. Cal. 2015); see also MRW, Inc. v. Big–O Tires, LLC, 2009 WL 3368438, *9 (E.D. Cal. Oct. 16, 2009) ("An action for breach of guaranty is a species of claim for breach of contract").  As such, a breach of guaranty claim can be raised if "(1) there is a

26-cv-02506-H-JAC

valid guaranty, (2) the borrower has defaulted, and (3) the guarantor failed to perform under the guaranty." Egrovich v. CCFG Costebelle La Jolla, LLC, 2022 WL 485006, at*2 (S.D. Cal. Feb. 16, 2022) (citing First Am. Com. Bancorp, Inc. v. Vantari Genetics, LLC, 2020 WL 5027990, at *3 (C.D. Cal. Mar. 12, 2020)).

**A.    Whether Constellis is Bound by the Fourth Amendment to the Contract**

Constellis contends it is not bound by the fourth amendment to the Contract because it is neither a party nor a signatory to the fourth amendment. (Doc. No. 5-1 at 11.) Plaintiff asserts that Constellis is bound by Academi RE's execution of the fourth amendment to the Contract as its parent corporation and principal, regardless of whether Constellis' signature appears on the document. (Doc. No. 9 at 1, 4.) In support, Plaintiff notes that the fourth amendment to the Contract was physically executed by Katherine F. McKenzie, who signed as Assistant Secretary and Senior Counsel at Constellis. (Id. at 5; see also Doc. No. 1-2, Compl., Ex. E at 56.) Constellis argues Plaintiff's assertion fails because a parent company is not liable on a contract signed by its subsidiary simply because it is a wholly owned subsidiary, and Ms. McKenzie executed the fourth amendment to the Contract only on behalf of Academi RE.[1] (Doc. No. 12 at 5-7.)

Under California law, an agent is defined as "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. An agent can have either actual or ostensible authority. Cal. Civ. Code § 2298. An agent has actual authority when the agent is "really employed" by the principal. Cal. Civ. Code § 2299. An agent has

---

[1] In its reply, Constellis notes that Plaintiff does not allege any agency theory in its Complaint. (Doc. No. 12 at 6-7.) Constellis cites to Gerritsen which holds that it is "improper" for a plaintiff to assert an unpled theory of liability in an opposition to a motion to dismiss. 116 F. Supp. 3d at 1126. In Gerritsen, the Plaintiff alleged various vicarious liability theories in her complaint and expressly disclaimed other theories. Id. Then, in her opposition to defendant's motion to dismiss, Gerritsen raised a new theory of "direct liability," not previously pled. Id. Here, unlike in Gerritsen, Plaintiff is not alleging a "new" claim or theory of liability. Rather, Plaintiff is explaining how there are sufficient facts in the complaint to infer liability under the Lease as to Constellis.

26-cv-02506-H-JAC

ostensible authority when the principal "intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. To establish ostensible authority, "the principal's consent need not be express." C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc., 213 F.3d 474, 479-80 (9th Cir. 2000) (citing Tomerlin v. Canadian Indem. Co., 61 Cal. 2d 638, 639 (1964)). Rather, "[a]n agent's authority may be implied from the circumstances of a particular case and may be proved by circumstantial evidence." Id. at 480 (citing Kelley v. R.F. Jones Co., 272 Cal. App. 2d 113 (1969).

In general, a parent company is not liable on a contract signed by its subsidiary "simply because it is a wholly owned subsidiary." Northern Natural Gas Co. v. Superior Court, 64 Cal. App. 3d 983, 991 (1976). Parent corporations can, however, be held liable for the acts of subsidiary companies that act as their agents. See United States v. Bestfoods, 524 U.S. 51, 64–65 (1998); Gerritsen, 116 F. Supp. 3d at 1127. "When an alleged wrong can seemingly be traced to the parent through the conduit of its own personnel and management and the parent is directly a participant in the wrong complained of," the parent is liable for its own actions. Bestfoods, 524 U.S. at 64-65.

Viewing the allegations in the complaint in the light most favorable to Plaintiff, Plaintiff has alleged sufficient facts to plausibly allege that Academi RE acted as Constellis' ostensible agent. Indeed, Plaintiff contends that the agency relationship between Academi RE and Constellis is evidenced by the terms of the fourth amendment to the Contract. (Doc. No. 9 at 5.) Specifically, Plaintiff highlights Paragraph H of the fourth amendment to the Contract which states, "Lessee's parent corporation, Constellis Holding, LLC shall guarantee all terms of the Lease, including on time payments of rent and operating expenses. If the parent corporation changes its name or structure, the guarantee will survive. . . . Performance Guarantee will be provided by the parent company that stipulates compliance with all terms of the Lease, including timely payment of the base rent and operating expense." (Doc. No. 1-2, Compl. at 56.) Plaintiff claims Constellis failed to pay damages on the Premises and is, thus, a direct participant in the wrong

26-cv-02506-H-JAC

complained of.  (Id. ¶ 38, 39.)  Further, Plaintiff points to Katherine F. McKenzie alleged personnel of Constellis' physical execution of the fourth amendment to the Contract.  (Doc. No. 9 at 5.)  Ms. McKenzie identified herself as Assistant Secretary and Senior Counsel in the signature block and listed her email address as "kmckenzie@constellis.com."  (Id. at 5.)  While Constellis is correct that there is no signature block for Constellis in the fourth amendment to the Contract, under the allegations in the complaint, Ms. McKenzie represented herself as a Constellis employee in Academi RE's signature block and signed an agreement explicitly referencing Constellis' role as "Lessee's parent corporation" and guarantee.  (Doc. No. 12 at 7-8; see also Doc. No. 1-2, Ex. E at 56.)  These circumstantial allegations, taken as true, reasonably support an inference that Constellis authorized Academi RE to enter it into legally binding contracts, including the fourth amendment to the Contract and the Lease.  Whether an agency relationship truly existed between Academi RE and Constellis is a fact-intensive inquiry that is not proper at the motion to dismiss stage.  Brown v. Nano Hearing Tech Opco, LLC, 2024 WL 3367536 at *4 (S.D. Cal. 2024). As such, the complaint contains sufficient factual allegations to plausibly allege that Constellis is a party to the fourth amendment to the Contract via the actions of its agent.

**B.    Whether Guaranty Obligations Exist Under the Fourth Amendment to the Contract**

Even if Constellis is a party to the fourth amendment to the Contract, Constellis argues that the fourth amendment is still insufficient by itself to constitute a valid and binding guaranty.  (Doc. No. 5-1 at 12.)  Constellis asserts the plain language of the fourth amendment to the Contract contemplates the execution of a separate guaranty which never occurred.  (Id. at 12, 13.)  In response, Plaintiff contends that the language of the fourth amendment to the Contract itself provides a present, enforceable guaranty obligation; and to the extent a separate guaranty is required, Constellis should not benefit from its own failure to execute.  (Doc. No. 9 at 6, 7.)

26-cv-02506-H-JAC

Under California law, a contract must be interpreted to "give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. "[S]uch intent is to be inferred, if possible, solely from the written provisions of the contract," read in their ordinary and popular sense, unless it appears the parties used the terms in some special sense. AIU Ins. Co. v. FMC Corp., 51 Cal. 3d 807, 822 (1990) (citing Cal. Civ. Code § 1639). If the language used is "clear and explicit," then it controls as a matter of law. Segal v. Silberstein, 156 Cal. App. 4th 627, 633 (2007). But where a contract is "capable of two or more constructions, both of which are reasonable," it is considered ambiguous. TRB Invs., Inc. v. Fireman's Fund Ins. Co., 40 Cal. 4th 19, 27 (2006). Where the language "leaves doubt as to the parties' intent," a motion to dismiss must be denied. Consul Ltd. v. Solide Enters., Inc., 802 F.2d 1143, 1149 (9th Cir. 1986).

Here, the relevant language in the fourth amendment to the Contract is capable of multiple, reasonable constructions. Under Plaintiff's construction, the first sentence of paragraph H creates a mandatory obligation: Constellis "shall guarantee all terms of the Lease, including on time payments of rent and operating expenses," while the second sentence describes how that obligation was to be formalized: a "Performance Guarantee will be provided by the parent company that stipulates compliance with all terms of the Lease." (Doc. No. 1-2, Compl., Ex. E at 56.) Under Constellis' construction, the two sentences read together contemplate a future event and action rather than a present, binding command. (Doc. No. 12 at 11, 12.)

The use of the word "shall" is ordinarily used in laws, regulations, or directives to impose mandatory obligations. See Maine Community Health Options v. United States, 590 U.S. 296, 310 (2020). "Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement." Kingdomware Technologies, Inc. v. United States, 579 U.S. 162, 163 (2016); see also Lexecon v. Milberg Weiss Bersahd Hynes & Lerach, 523 U.S. 26, 35 (1998) (observing that "'shall'" typically "creates an obligation impervious to ... discretion"). Constellis does not provide case law suggesting a meaning of "shall" to the contrary. Constellis only cites to Chenoweth v. Chambers, which asserts

26-cv-02506-H-JAC

that the term "shall" "must be read in connection with its context."  33 Cal. App. 104, 110 (1917).  Interestingly, in <u>Chenoweth</u>, the court found the use of the word "shall" "[i]n the first person [] simply denotes future fact.  In the second and third person the idea of obligation remains, and is felt to be imposed by the person speaking . . . Consequently you (he or they) shall, expresses command or necessity, never simple future action." <u>Id.</u> at 109.  Here, "shall" is used in the third person to impose the obligation to guarantee the Lease upon Constellis, not a simple future action.  (Doc. No. 1-2, Compl., Ex. E at 56.) ("Lessee's parent corporation, Constellis Holding, LLC shall guarantee …)  No particular form of agreement is required to establish a guaranty contract if the agreement establishes the intention to create such a contract.  <u>See</u> <u>Superior Wholesale Elec. Co. v. Cameron</u>, 264 Cal. App. 2d 488, 493 (1968).  Based on the plain language of the first sentence, Plaintiff plausibly alleges the fourth amendment to the Contract imposes a guaranty obligation on Constellis.

Nevertheless, Constellis maintains that the fourth amendment to the Contract only contemplates a future event rather than a present command or necessity.  (Doc. No. 12 at 12.)  Constellis notes that the second sentence would be "unnecessary" and rendered "superfluous" if the first sentence itself establishes a binding, present guaranty obligation. (<u>Id.</u> at 11.)  An interpretation which gives effect to all provisions of the contract is preferred to one that would render other portions of the contract superfluous, useless, or inexplicable. <u>See</u> <u>Turlock Irrigation District v. FERC</u>, 903 F.3d 862, 872 (9th Cir. 2018) (citing <u>Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.</u>, 971 F.2d 272, 278-79 (9th Cir. 1992)).  Plaintiff rebuts that the second sentence only obligates Constellis to memorialize the commitment made in the first sentence.  (Doc. No. 9 at 7,8.)  This is a reasonable interpretation of the second sentence presented by Plaintiff.  In light of this, the language of the second sentence leaves doubt as to the parties' intent.  Where the language "leaves doubt as to the parties' intent," the motion to dismiss must be denied.  <u>Consul Ltd. v. Solide Enters., Inc.</u>, 802 F.2d 1143, 1149 (9th Cir. 1986).

/ / /

26-cv-02506-H-JAC

**Conclusion**

For the reasons above, the Court denies Constellis' motion to dismiss. Defendant Constellis must file its answer to Plaintiff's complaint **within fourteen (14) days from the date this order is filed**. See Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

DATED: June 15, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

26-cv-02506-H-JAC